IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 16-08-H-SEH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| WILLIAM DONALD FLEINER, | |
| Defendant. | |

On August 19, 2016, Defendant filed an Opposed Motion to Dismiss Count III[1] with brief in support.[2] The United States filed its Response in Opposition to Motion to Dismiss[3] on September 2, 2016.

Defendant is charged with Theft from a Local Government Receiving Federal Funding under 18 U.S.C. § 666(a)(1)(A). His motion to dismiss asserts

---

[1] Doc. 34.

[2] Doc. 35.

[3] Doc. 41.

-1-

"dismissal of Count III is required as a matter of law because the United States lacks subject matter jurisdiction over the monies described in the Indictment and the alleged criminal activity alleged in Count III."[4]

Count III of the Indictment alleges:

> Between on or about May 18, 2012, and on or about July 5, 2012, in Broadwater County, in the State and District of Montana, the defendant, WILLIAM DONALD FLEINER, an agent of Broadwater County, a local government, embezzled and intentionally misapplied property valued at $5,000 or more, specifically $7,501.54 of Payment in Lieu of Taxes ("PILT") funds received from the United States Department of the Interior, which were then owned by and under the care, custody and control of Broadwater County, in violation of 18 U.S.C. § 666(a)(1)(A).[5]

Section 666(a) does not require a nexus between the embezzled funds and the federal funds.[6] "It is certainly enough that the statutes condition the offense on a threshold amount of federal dollars defining the federal interest . . . ."[7]

> [I]n order to obtain jurisdiction of a defendant under section 666, the government need not prove that the funds actually stolen by the defendant were of federal origin. So long as the defendant is an agent of an

---

[4] Doc. 34 at 1.

[5] Doc. 1 at ¶ 10.

[6] *See United States v. Mirikitani*, 380 F.3d 1223, 1225 (9th Cir. 2004).

[7] *Sabri v. United States*, 541 U.S. 600, 606 (2004).

-2-

organization that receives more than $10,000 in federal benefits in any given year, it is not necessary that the particular funds stolen be among those "benefits."[8]

It is undisputed "Broadwater County, Montana, was a government organization that received benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance in any one year period."[9] The Court has jurisdiction under 18 U.S.C. § 666.

ORDERED:

Defendant's Opposed Motion to Dismiss Count III[10] is DENIED.

DATED this 15th day of September, 2016.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[8] *United States v. Wyncoop*, 11 F.3d 119, 122 (9th Cir. 1993).

[9] Doc. 1 at ¶ 1; Doc. 35 at 1-2.

[10] Doc. 34.